IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS A. MURRAY,          )
                           )
         Plaintiff,        )
                           )
    v.                     )   No. 04 C 7669
                           )
                           )
INDYMAC BANK, F.S.B.,      )
                           )
         Defendant.        )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant IndyMac Bank F.S.B.'s ("IndyMac") motion for judgment on the pleadings. For the reasons stated below, we deny the motion for judgment on the pleadings.

## BACKGROUND

Plaintiff Thomas Murray ("Murray") alleges that IndyMac obtained Murray's consumer credit report to check his credit without Murray's permission. Murray claims that after IndyMac checked his credit, IndyMac sent a letter to Murray in October of 2004 informing him that he was pre-approved for a home loan ("preapproval letter"). Murray alleges that IndyMac obtained his consumer credit

1

report without first obtaining written permission from Murray in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## LEGAL STANDARD

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed.R.Civ.P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir.1998). The courts apply the Rule 12(b) motion to dismiss standard for Rule 12(c) motions and thus the court may "grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Id.* (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993)). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations," *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir.2000), and "view the facts in the complaint in the light most favorable to the nonmoving party. . . ." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452(quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995)). The main difference between a Rule 12(b) motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.* n.3.

A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Id.* at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452-53. In ruling on a motion for judgment on the pleadings a "district court may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *U.S. v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991). If the court considers matters outside the pleadings, the court should convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 453 n.5.

## DISCUSSION

Murray alleges in a portion of his amended complaint that he is entitled to relief under 15 U.S.C. § 1681n which provides civil relief for "willful noncompliance" with the FCRA. 15 U.S.C. § 1681n. IndyMac argues that it is entitled to judgment on the pleadings because IndyMac sent the preapproval letter before the Seventh Circuit clarified the pertinent provisions of the FCRA in *Cole v. U.S. Capital,* 389 F.3d 719, 729 (7th Cir. 2004). IndyMac argues that its conduct could not be willful since it did not have the guidance provided in *Cole* at the time that the preapproval letter was sent to Murray.

It is undisputed by the parties that the preapproval letter was sent in October

of 2004 and *Cole* was not decided until November of 2004. In October of 2004, the pertinent provisions of the FCRA relating to a "firm offer of credit" and a "clear and conspicuous statement" were in effect. Under the FCRA, a "consumer reporting agency may furnish a consumer report relating to any consumer . . . in connection with any credit or insurance transaction that is not initiated by the consumer only if–(A) the consumer authorizes the agency to provide such report to such person; or (B)(i) the transaction consists of a *firm offer of credit* or insurance. . . ." 15 U.S.C. § 1681b(c)(1)(emphasis added); *See also* 15 U.S.C. § 1681a(1). The FCRA also provides the following:

> (1) In general.--Any person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer, that is provided to that person under section 1681b(c)(1)(B) of this title, shall provide with each written solicitation made to the consumer regarding the transaction *a clear and conspicuous statement* that--
>
> (A) information contained in the consumer's consumer report was used in connection with the transaction;
>
> (B) the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness [FN1] or insurability under which the consumer was selected for the offer;
>
> (C) if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness [FN1] or insurability or does not furnish any required collateral;
>
> (D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and
>
> (E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.

15 U.S.C. § 1681m(d)(emphasis added). Thus, even in October of 2004, prior to the decisions in *Cole*, IndyMac was required under the FCRA to include in its preapproval letter a "firm offer of credit" and a "clear and conspicuous statement" containing the necessary disclosures. 15 U.S.C. § 1681b(c)(1); 15 U.S.C. § 1681m(d). The court in *Cole* did not rewrite the FCRA. Rather, it merely interpreted the language of above provisions of the FCRA. Thus, to the extent that a determination must be made in this action as to whether IndyMac violated the above provisions of the FCRA, *Cole* may be considered. IndyMac's arguments seeking to negate the applicability of *Cole* because of the timing of the decision in *Cole* and the alleged misconduct are flawed. One need look no further than *Cole* itself. The defendant in *Cole* did not have advance warning of the standards set forth in *Cole* interpreting the FCRA provisions and yet the defendant was bound by the standards nonetheless.

Whether or not IndyMac is liable for damages under 15 U.S.C. § 1681n for willfully violating the FCRA is separate matter. *See Sarver v. Experian Information Solutions*, 390 F.3d 969, 971 (7th Cir. 2004)(addressing whether there was a violation under FCRA and then considering whether there was sufficient evidence of willfulness); *Wantz v. Experian Information Solutions*, 386 F.3d 829, 833 (7th Cir. 2004)(explaining that the FCRA provides a private civil cause of action for negligent and willful violations of the FCRA and addressing whether there were actual

damages before proceeding to the determination of whether damages should be awarded for willfulness). Under the notice pleading standard, Murray's amended complaint alleges facts that could be negligent or willful violations of the FCRA. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

As to whether or not IndyMac "willfully" violated the FCRA, the controlling case law that interpreted the above provisions in October of 2004, before the decision in *Cole*, may be relevant. In order to establish a willful violation of the FCRA, a plaintiff must show that the defendant " knowingly and intentionally" violated the FCRA and that the defendant was "conscious that [its] act impinge[d] on the rights of others." *Wantz*, 386 F.3d at 834(quoting *Phillips v. Grendahl*, 312 F.3d 357, 368 (8th Cir.2002)). If IndyMac had researched the case law prior to sending the preapproval letter, and the case law indicated that the preapproval letter would not violate the FCRA, such evidence may be relevant. However, there are many factors and considerations that must be considered in determining whether any violation of the FCRA by IndyMac was done "knowingly and intentionally" and whether or not IndyMac was conscious that it was violating Murray's rights. The existing case law interpreting the FCRA provisions is only one piece of evidence for evaluating IndyMac's actions to determine if they were willful. In fact, the existing case law at the time that the preapproval letter was sent may have no relevance at all, if, for example, IndyMac were to admit that it was unaware of the case law at the time that it sent the preapproval letter. If IndyMac had no knowledge of the pre-

*Cole* standards, then it cannot argue that it thought that it was complying with the FCRA because it was guided by such pre-*Cole* standards. IndyMac attempts to draw the court into any inquiry of its willfulness which requires a consideration of materials that are beyond the pleadings and thus, IndyMac's instant motion is premature. The parties are currently conducting discovery and at the end of discovery IndyMac will have an opportunity to move for judgment as a matter of law if IndyMac believes that there was insufficient evidence produced during discovery that support's Murray's case. IndyMac's arguments on the issue of willfulness would be more appropriate at that juncture. Therefore, we deny IndyMac's motion for judgment on the pleadings.

## CONCLUSION

Based on the foregoing analysis, we deny IndyMac's motion for judgment on the pleadings.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 13, 2005