IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS A. MURRAY,             )
                              )
            Plaintiff,        )
                              )
     v.                       )   No. 04 C 7669
                              )
INDYMAC BANK, F.S.B.,         )
                              )
            Defendant.        )
                              )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Thomas A. Murray's ("Murray") motion for class certification. For the reasons stated below, we grant the motion for class certification.

# BACKGROUND

Murray claims that Defendant IndyMac Bank, F.S.B. ("IndyMac") unlawfully accessed the credit reports of approximately 18,000 Illinois consumers for the purpose of sending them letters offering a mortgage loan. Murray alleges that he received such a letter in October, 2004, which stated: "[I]nformation from a

consumer report was used in conjunction with this offer." (A. Compl. Par. 8). The letter further allegedly stated: "This offer has been extended based upon information from the consumer credit report which indicates that you meet certain credit criteria for the offered credit." (A Compl. Par. 8). According to Murray, the letter sent to him and the putative class members does not constitute a firm offer of credit, which is necessary to justify accessing his credit report, and does not make certain required disclosures in a clear and conspicuous manner as is required under the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Furthermore, Murray contends that IndyMac's actions were done willfully in violation of 15 U.S.C. §1681b of the FCRA. Murray now seeks class certification pursuant to Federal Rule of Civil Procedure 23.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(a) ("Rule 23(a)") provides that a class may be certified if: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The four elements of Rule 23(a) are

requirements for class certification. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993)(stating that a failure to meet any one of the Rule 23(a) requirements precludes certification as a class). A proposed class action must also satisfy at least one of the alternative routes provided in Federal Rule of Civil Procedure 23(b) ("Rule 23(b)"). Fed. R. Civ. P. 23(b); *Rosario v. Livadatis*, 963 F.2 1013, 1017 (7th Cir. 1992). A plaintiff seeking class certification has the burden of proving that the proposed class meets the requirements of Rule 23. *See Retired Chicago Police Ass'n*, 7 F.3d at 596 (holding that the "party seeking class certification assumes the burden of demonstrating that certification is appropriate").

## DISCUSSION

Murray seeks to certify a class of 18,000 Illinois residents, which would be made up of the people in Illinois who allegedly received the same letter that was mailed to Murray on or around the same date that it was mailed to Murray. (Mem. 7).

I. Rule 23(a) Requirements

Murray argues that the proposed class meets all of the requirements of Rule 23(a). IndyMac concedes that Murray meets all of the requirements of Rule 23(a),

3

except for the adequacy of representation requirement.

### A. Numerosity Requirement

Given that the potential number of claimants is approximately 18,000, we agree that the individual joinder of all proposed class members would be impractical. IndyMac has also conceded that the numerosity requirement is satisfied. Therefore, we find that the proposed class meets the numerosity requirement.

### B. Commonality Requirement

To meet the commonality requirement, a plaintiff must show that the proposed class members' claims involve a "common nucleus of operative fact," which generally exists in FCRA cases when "the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). In the instant action, we have identical common facts before us since all of the proposed class members are contending that IndyMac mailed the same improper form letter to them and improperly accessed their credit reports. IndyMac also concedes that the commonality requirement is met. Therefore, we find that the proposed class meets the commonality requirement.

### C. Typicality Requirement

A representative plaintiff meets the typicality requirement by showing that his claim "'arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Id.* (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). A plaintiff can meet the typicality requirement "even if there are factual distinctions between the claims of the named plaintiffs and those of other class members" and "[t]hus, similarity of legal theory may control even in the face of differences of fact." *De La Fuente*, 713 F.2d at 232. Murray's claim arises from the same alleged course of conduct by IndyMac concerning the mailing of the letter and inspection of the class members' credit histories. In addition, the claims of the proposed class members are all based upon the same provisions of the FCRA that Murray bases his claim upon. IndyMac has also conceded that the typicality requirement is met. Therefore, we find that the proposed class satisfies the typicality requirement.

### D. Adequacy of Representation Requirement

In order for a class to fulfill the adequacy of representation requirement: (1)

"the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation," and (2) "the plaintiff must not have interests antagonistic to those of the class." *Susman v. Lincoln American Corp.,* 561 F.2d 86, 90 (7th Cir. 1977)(quoting *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3rd Cir. 1975)). Whether a party would adequately protect the interests of the class is a "question of fact depending on the circumstances of each case." *Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 704 (7th Cir. 1986)(quoting in part *Susman,* 561 F.2d at 90).

IndyMac argues that Murray's counsel ("Counsel") has shown through their course of conduct in this case that they will not represent the best interests of the proposed class. This court had previously certified a class in this action and the matter was settled in a nationwide class action settlement. However, some members of the class subsequently came forward complaining that they were not notified of the class and settlement, and we therefore, in the interest of fairness, reopened the case and vacated the settlement and class certification. Murray then limited his class action to residents of Illinois. IndyMac points out that the size of the current class is significantly smaller than the size of the class that was previously certified in this action and IndyMac contends that "Plaintiff's counsel has illustrated that it is willing to adjust class size, up or down, whenever its financial interest is served by such adjustment." (Ans. 6). IndyMac portrays Counsel's decision to limit the class as a decision to "abandon[] the vast majority" of the class members previously included

6

within the class solely for the purposes of limiting expenses associated with notifying class members. (Ans. 6). We do not agree that we can infer such an improper motive on the part of Counsel merely from the fact that Murray has altered the scope of the proposed class. Murray chose to limit the scope of the class that he seeks to certify, which is his right to do as the Plaintiff. Also, although IndyMac now objects to the adequacy of Counsel, IndyMac did not object to Counsel's representation when IndyMac entered into the nationwide class action settlement. (7/22/05 Prel Appr. Cl. Sett. 2)(12/13/05 Fin. Appr. Cl. Sett. 3). IndyMac has not explained why it believes that Counsel is inadequate to represent the current class when IndyMac had no objection to Counsel representing the much larger nationwide class for the settlement.

IndyMac also argues that Counsel, who are members of Edelman, Combs, Latturner & Goodwin, LLC ("Edelman"), do not meet the ethical standards required for class counsel. IndyMac points to *Riddle & Associates, P.C. v. Kelly*, 414 F.3d 832 (7th Cir. 2005), in which the Seventh Circuit upheld a district court's award of attorneys' fees as a sanction against Edelman. *Id.* at 836. The Seventh Circuit found that "Edelman is responsible for causing the suit to be filed and for allowing the litigation to continue when it knew that [the defendant] could not win." *Id.* The Court concluded that "[w]hen Edelman demanded $3000 to release a blatantly frivolous claim, the firm pursued a path that it should have known was improper" and that "its conduct was 'objectively unreasonable and vexatious.'" *Id.* (quoting

7

*Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)). The Court in *Riddle* also awarded additional fees and costs to the defendant's law firm and found that Edelman was obligated to pay $18,037.22 for attorneys' fees and costs. *Id.* at 837.

Although IndyMac correctly points out that Edelman was sanctioned for unethical conduct in *Riddle*, the sanctions in *Riddle* were not related to the adequacy of representation of Edelman as class counsel, which is currently at issue before this court. IndyMac has not cited any controlling precedent or provided any evidence that shows that Edelman should be disqualified as class counsel in the instant action. Edelman has shown that it has extensive experience in acting as a class representative and there has not been a showing by IndyMac that Murray has interests that are antagonistic with other proposed class members. Therefore, we find that the adequacy of representation requirement has been met in this action.

II. Rule 23(b) Requirements

As is indicated above, in order to obtain certification, a plaintiff must show that certification is appropriate under one of the alternative routes offered in Rule 23(b). Murray seeks to proceed under Rule 23(b)(3), under which "[a]n action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: . . . the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual

8

members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In determining the applicability of Rule 23(b)(3), the court should consider factors such as: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." *Id.*

### A. Predominance Requirement

Murray contends that the common issues of law and fact between the claims of the proposed class members predominate over the individual issues. We agree. In the instant action, the common issues concerning the contents and propriety of the letter and the same provisions of the FCRA will predominate these proceedings. IndyMac also concedes that Murray meets the predominance requirement. Therefore, we find that Murray has satisfied the predominance requirement.

### B. Superiority Requirement

As we have indicated above, the common issues of fact and law will

predominate over any individual issues in this action. A class action is the most efficient way for the numerous members of the proposed class to adjudicate their claims because bringing all the proposed class members' claims into one lawsuit will save the cost and judicial resources that would be necessary to conduct separate litigation for each class member. The common issues and facts will facilitate the ability of the court, in a class action format, to resolve the disputes of all of the proposed class members in a comprehensive and efficient manner. Therefore, we conclude that a class action suit would be the superior method to resolve the proposed class members' claims. Since Murray has shown that the proposed class satisfies all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3), we grant the motion for class certification.

## CONCLUSION

Based on the foregoing analysis, we grant Murray's motion for class certification.

                                                Samuel Der-Yeghiayan
                                                United States District Court Judge

Dated: August 7, 2006